

**Littler Mendelson, PC**
290 Broadhollow Road
Suite 305
Melville, NY  11747

May 5, 2017

Leslie M. DiBenedetto
631.247.4747 direct
631.247.4700 main
631.794.2818 fax
ldibenedetto@littler.com

**VIA ECF**

The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   *Watkins v. First Student, Inc.*
      Case No. 17-cv-01519(CS)

Dear Judge Seibel:

This firm represents Defendant First Student, Inc. ("Defendant" or "First Student") in the above-referenced action. In accordance with Section 2.A of Your Honor's Individual Rules, we respectfully request a pre-motion conference regarding Defendant's anticipated pre-answer motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On November 21, 2016, Plaintiff filed a Complaint in the Supreme Court of the State of New York, County of Westchester. It is unclear from Plaintiff's *pro se* Complaint what claims she is alleging. However, based on our reading of the Complaint, it appears that Plaintiff alleges that First Student committed a variety of unlawful acts that may fall under the purview of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family and Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA"), and the National Labor Relations Act ("NLRA"), as well as corresponding state statutes. On February 28, 2017, Defendant filed a Notice of Removal in the United States District Court for the Southern District of New York by virtue of federal question and diversity jurisdiction.

By way of background, First Student provides school bus transportation to school districts throughout the United States. From on or about January 6, 2009 to on or about September 27, 2016, Plaintiff Dorine R. Watkins worked for First Student as a school bus driver.

The Honorable Cathy Seibel
May 5, 2017
Page 2

### II.     PLAINTIFF'S CLAIMS ARE TIME BARRED

As a preliminary matter, many of Plaintiff's claims are time barred. Specifically, Plaintiff's claims relating to unpaid wages/overtime from January 2009 to November 2011 are time barred. *See Pineda v. Masonry Construc., Inc.*, 831 F. Supp. 2d 666, 673–74 (S.D.N.Y. 2011) (stating that under the New York State Labor Law ["NYLL"], employees have six years to raise unpaid wage claims). In addition, to the extent that Plaintiff alleges violations of the NLRA in occurred in March 2014, these claims are also time barred. *See Mallack v. Local* 805, 690 F. Supp. 276, 279–80 (S.D.N.Y. 1988) (stating that a six month statute of limitations applies for claims under the NLRA). Lastly, any claims related to First Student's alleged failure to provide Plaintiff leave to care for her sons in May 2014 are also time barred. *See Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 191–92 (S.D.N.Y. 2011) (explaining that two year statute of limitations applies to claims under the FMLA when there is no allegations that the alleged conduct was willful).

### III.    PLAINTIFF'S OVERTIME CLAIMS ARE SUBJECT TO DISMISSAL

To the extent Plaintiff claims that she is owed unpaid overtime from November 2011 and on, her claims must also be dismissed. A plaintiff is required to assert more than a general failure to pay wages in order to state a claim under the FLSA and NYLL. *See, e.g., Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114–15 (2d Cir. 2013) (affirming dismissal of FLSA overtime claim because plaintiffs' claims were too speculative and plaintiffs did not "allege[] a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours."); *DeJesus v. HF Mgmt. Servs., LLC.*, 726 F.3d 85, 89 (2d Cir. 2013) (affirming dismissal of FLSA and NYLL overtime claims where Plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content."); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200–01 (2d Cir. 2013) (finding allegation that plaintiffs regularly worked in excess of 40 hours per week and were not paid for those hours insufficient to state a claim). However, Plaintiff broadly alleges that she "noticed a discrepancy in her hours" and that her "overtime hours were not being paid properly." *See* Complaint ¶¶ 3–4. Critically, Plaintiff fails to specifically identify a single workweek in which she worked in excess of forty hours without receiving overtime pay. The Complaint, therefore, fails to state a claim for unpaid overtime under the FLSA or NYLL.

### IV.     PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS ARE SUBJECT TO DISMISSAL

Plaintiff also fails to allege facts sufficient to state plausible discrimination/retaliation claims. Though Plaintiff appears to allude to discrimination/retaliation claims under Title VII, notably, the Complaint contains no factual allegations concerning how her membership in a protected class played any role in an adverse employment action against her. *See Giovelli v. LA Fitness, Inc.*, Case No. 10-cv-298(JS)(AKT), 2010 WL 415289, at * 2 (E.D.N.Y. 2010) (plaintiff who alleged that he was mistreated and fired for complaining about his supervisor did not claim

membership in a protected class and thus had no claim under federal or state law).  Therefore, the Complaint fails to state a claim for discrimination and/or retaliation.

### V. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY LMRA SECTION 301

Section 301 of the Labor Management Relations Act preempts state law claims that are dependent upon an analysis of a collective bargaining agreement ("CBA").  29 U.S.C. §185(a); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2012 U.S. Dist. LEXIS 127824, at *29 (S.D.N.Y. Sept. 6, 2012).  Here, Plaintiff alleges that he was not paid for extra work and that there were discrepancies in her pay.  *See* Complaint ¶¶ 4–6.  Plaintiff was a unionized employee whose terms and conditions of employment, including pay, was governed by a CBA.  Accordingly, it is impossible for the Court to consider Plaintiff's NYLL claims without interpreting the parties' CBA, thus warranting their dismissal.  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988).

Based on the foregoing, Defendant respectfully asks that the Court schedule a pre-motion conference at the Court's earliest convenience to discuss Defendant's anticipated motion to dismiss.

We thank the Court for its time and consideration.

Respectfully submitted,
LITTLER MENDELSON, P.C.

*/s/ Leslie M. DiBenedetto*

Leslie M. DiBenedetto

cc:     Dorine R. Watkins (via federal express)