UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
DORINE R. WATKINS

    Plaintiff,

against

FIRST STUDENT, INC.

    Defendant.
---------------------------------------------x

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

7:17-cv-01519-CS

RECEIVED SEP 07 2017 U.S.D.C. WP

**Introduction**

Ms. Watkins requests that the Court deny the Defendant's motion to dismiss. In the alternative, Ms. Watkins requests that the Court grant her leave to amend her complaint to address any deficiencies identified by the Court. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). ("Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim. A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks and citation omitted).

In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing her amended complaint as the Court must do with pro se litigants. *Nielsen*, 746 F.3d at 63 (overturning the district court's grant of dismissal where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/07/17

1

## **Statement of Facts**

Plaintiff notes that the Court has the complaint which sets out the relevant facts. Plaintiff refrains from unnecessarily re-stating those same facts here. However, Plaintiff notes that Defendant's memo of law in support of the motion to dismiss misstates the allegations in the complaint in some ways. To ensure clarity, Plaintiff notes the following misstatements and omissions in the memorandum of law:

A. Plaintiff notes that in September 2014 she filed a complaint with the National Labor Relations Board (the "NLRB Complaint") regarding the improper payment of overtime wages she was receiving from the Defendant. Plaintiff believes that the treatment she received as identified in her Complaint, the Statement of Facts in Defendant's Motion to Dismiss, and in this response to Defendant's Motion to Dismiss.

B. Plaintiff notes that after she filed the NLRB Complaint, her opportunities to receive overtime were effectively eliminated as compared to other non-White, Female employees.

C. Plaintiff notes that on May 20, 2014 Palomino, Tom MacKeniney [sic] and two Union representatives (Ray Vertrano and Christine Cipriano) had a meeting at the Local 338 in Yonkers about the wage issues, it was at that time she received the altered exceptions forms.

D. Plaintiff notes the specific facts of one instance retaliation she experienced after filing her NLRB Complaint. Specifically, on May 20, 2014, the gas tank on Plaintiff's bus was punctured, causing her to lose fuel and also causing unsafe conditions for Ms. Watkins and other passengers on the bus. After she discovered and subsequently reported this vandalism to First Student later that evening. Plaintiff notes that First Student abruptly dismissed her reports and failed to take action necessary to preserve the safety of its employees and passengers on the bus.

E. Plaintiff notes that with respect to her filing with the Equal Employment Opportunity Commission, she indicated that she was discriminated against because of her skin color, age, and gender. Plaintiff also notes that for a number of years, she was the only White Female driver at First Student and for the years following her filing the NLRB Complaint, the only white in the New Rochelle Yard]. Plaintiff notes that two other White Female drivers were hired during this period, but subsequently quit.

F. With respect to First Student's statement that they had no knowledge about the Plaintiff's grievances, Plaintiff notes that prior to her November 2016 filing an email to the Union's Attorney, Amanda Bell Esq. and many to the Union about the pay practices of First Students. She has already lodged an NLRB complaint against First Student regarding their pay practices in April, 2014. Plaintiff also notes that around early May 2016, Local 338 and First Student employees John Palomino, Nathaniel Martin a/k/a Martin had meetings regarding First Student's irregular pay practices. During these meetings, Plaintiff, again made her grievances regarding First Student known to Palomino and Martin. A grievance was filed and signed by employees regarding some of the pay practices and admitted into evidence.

G. Plaintiff notes that the retaliation she experienced after filing the NLRB complaint could have only been carried out by other First Student employees because of the nature of the vandalism that were done to her bus, and because Plaintiff's and another White Female's were the only buses that were repeatedly the targets of the vandalism. Even her replacement buses were stranded on the side of the road on many occasions. There was no other reason for this vandalism beyond Ms. Watkin's filing the NLRB Complaint in 2014, and the notes she had made to her supervisors Furthermore, the Plaintiff notes that her bus resembled a number of

other buses in the fleet. Therefore, the only other people who knew which bus belonged to Ms. Watkins were First Student employees.

### Argument

Here, the defendant has raised various arguments against the causes of action Ms. Watkins alleged under federal and state law. Ms. Watkins asks the Court to construe the complaint liberally in considering its ruling. The defendant has raised numerous arguments, all of which fail, but Ms. Watkins is unable to respond to specifically to them all because there are so many and she is pro se. However, she does not intend to waive or forfeit any of her causes of action.

### CONCLUSION

For the foregoing reasons, Ms. Watkins requests that the Court deny the Defendants' Motion to dismiss, or in the alternative grant Ms. Watkins leave to amend the complaint, and any other relief this Court deems just and proper.

Dated: New York, New York
September 7, 2017

Dorine Watkins, Pro Se Plaintiff

```
*********************
*** FAX TX REPORT ***
*********************

            TRANSMISSION OK

JOB NO.                 2390
DESTINATION ADDRESS     16317942818
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME                09/07 08:56
USAGE T                 02'53
PGS.                    5
RESULT                  OK
```

# fax

**TO:** The Law Firm of Littler Mendelson, PC

Att'n Leslie DiBenedetto Esq.

**FROM:** Dorine Watkins

**FAX: TO:**

631-794-2818

**PAGES** 5 including fax: cover

**RE:** **Watkins v First Student**

7:17- cv-01519(cs)

PLANTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS