UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DORINE R. WATKINS,

                Plaintiff,

       -against-

FIRST STUDENT, INC.,

              Defendant.

---

Civil Action No.
17-CV-01519(CS)

 

**MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Leslie M. DiBenedetto
Ivan R. Novich
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
ldibenedetto@littler.com
inovich@littler.com

*Attorneys for Defendant*

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................ 1

ARGUMENT ................................................................................ 2

I.      PLAINTIFF'S CLAIMS AGAINST DEFENDANT SHOULD BE DEEMED
        ABANDONED AND DISMISSED BECAUSE PLAINTIFF FAILED TO
        SUBMIT ANY ARGUMENTS IN OPPOSITION TO DEFENDANT'S
        MOTION TO DISMISS THE COMPLAINT .................................... 2

II.     THE ADDITIONAL FACTS ALLEGED BY PLAINTIFF CANNOT BE
        CONSIDERED ON A MOTION TO DISMISS .................................. 3

III.    PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND THE
        COMPLAINT MUST BE DENIED ................................................ 3

        A.     Plaintiff Was Given the Opportunity to Amend Her Complaint, But Failed
               to Do So ............................................................................ 4

        B.     Plaintiff's Failure to Submit a Proposed Amended Complaint Warrants
               Dismissal of Her Motion for Leave to Amend .......................... 5

        C.     Plaintiff's Proposed Amendments, As Set Forth in the Memorandum of
               Law, Would Be Futile ......................................................... 5

        CONCLUSION ............................................................................ 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................6

*Dolce v. Suffolk Cty.*,
    No. 12-cv-0108, 2014 WL 655371 (E.D.N.Y. Feb. 20, 2014) ................................5

*Giovelli v. LA Fitness, Inc.*,
    No. 10-cv-298, 2010 WL 415289 (E.D.N.Y. Jan. 28, 2010) .................................6

*Green v. City of Mount Vernon*,
    96 F. Supp. 3d 263 (S.D.N.Y. 2015).....................................................................3

*Jemmott v. New York City Transit Auth.*,
    No. 13-cv-2272, 2015 WL 5793343 (E.D.N.Y. Sept. 30, 2015) ...........................5

*Knife Rights, Inc. v. Vance*,
    802 F.3d 377 (2d Cir. 2015).................................................................................5

*Madray v. Long Island Univ.*,
    789 F. Supp. 2d 403 (E.D.N.Y. 2011) .................................................................6

*Mallack v. NYP Holdings, Inc.*,
    690 F. Supp. 276 (S.D.N.Y. 1988).......................................................................6

*Ndremizara v. Swiss Re Am. Holding Corp.*,
    93 F. Supp. 3d 301 (S.D.N.Y. 2015).....................................................................7

*Nielsen v. Rabin*,
    746 F.3d 58 (2d Cir. 2014)...................................................................................4

*Silverman v. Household Fin. Realty Corp.*,
    979 F. Supp. 2d 313 (E.D.N.Y. 2013) .................................................................2

*Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*,
    No. 09-cv-4622 CS, 2010 WL 4968247 (S.D.N.Y. Nov. 24, 2010).......................2

*Zito v. Leasecomm Corp.*,
    No. 02-cv-8074, 2004 WL 2211650 (S.D.N.Y. Sept. 30, 2004) ............................5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................1, 6

TABLE OF AUTHORITIES
(CONTINUED)

Federal Rule of Civil Procedure 15(a) ........................................................................5

## PRELIMINARY STATEMENT

Defendant First Student, Inc. ("First Student" or "Defendant") hereby submits this reply memorandum of law in further support of its motion to dismiss the Complaint of Dorine R. Watkins ("Watkins" or "Plaintiff") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

In her opposition papers, Plaintiff does not set forth *any* arguments in opposition to Defendant's motion to dismiss the Complaint. Rather, Plaintiff simply claims that Defendant's moving papers "misstate the allegations in the complaint in some ways," but notably, fails to identify the alleged misstatements. Accordingly, the Court should deem Plaintiff's claims against Defendant as abandoned and/or dismiss the claims outright for all the reasons asserted in Defendant's opening brief.

Further, in her opposition papers, Plaintiff, in an attempt to remedy the deficiencies in her Complaint, sets forth new facts for the first time, none of which appear in the Complaint. Notably, Plaintiff claims that in September 2014, she filed a complaint with the National Labor Relations Board ("NLRB") and in retaliation, she received less overtime opportunities. Plaintiff further claims that on May 20, 2014 – more than four months *before* she filed a complaint with the NLRB – that her gas tank was punctured in retaliation for her filing a NLRB complaint. Plaintiff also appears to allege that Defendant's employees were aware of her NLRB complaint and union grievances, but fails to state whether these employees were involved in the alleged retaliatory acts. Moreover, in an apparent attempt to bolster her discrimination claims, Plaintiff claims that she was subject to discrimination due to her color, age, and gender. In support of this, Plaintiff claims that she was the only white female driver for Defendant for an unspecified period of time. However, the Court must disregard these additional facts, as they do not appear

in the Complaint.

In addition, Plaintiff's cross-motion for leave to amend the Complaint should be denied, because: (1) Plaintiff was previously given the opportunity to amend her Complaint, but inexplicably failed to do so; and (2) because Plaintiff failed to submit a copy of the proposed amended complaint with her motion papers.   In the alternative, the proposed additional amendments, as briefly summarized in Plaintiff's opposition papers, would be futile because they still do not state a claim, as: (1) Plaintiff's apparent retaliation claims under the National Labor Relations Act ("NLRA") are time-barred; and (2) Plaintiff's attempt to rely exclusively on the fact that she was one of the only white female drivers for some period of time is insufficient to state a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), or any corresponding state statute.

Accordingly, and as set forth more fully below, the Court should grant in full Defendant's motion to dismiss, and deny Plaintiff's cross-motion for leave to amend the Complaint.

## ARGUMENT

I.   **PLAINTIFF'S CLAIMS AGAINST DEFENDANT SHOULD BE DEEMED ABANDONED AND DISMISSED BECAUSE PLAINTIFF FAILED TO SUBMIT ANY ARGUMENTS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT.**

Plaintiff failed to submit any arguments in opposition to Defendant's motion to dismiss the Complaint.   The law is well-established that a claim shall be deemed abandoned when a defendant moves to dismiss a claim and plaintiff fails to respond to defendant's arguments in support of dismissing such a claim.   *See Silverman v. Household Fin. Realty Corp.*, 979 F. Supp. 2d 313, 317 (E.D.N.Y. 2013) (dismissing plaintiffs' claims as abandoned because they failed to submit opposition to defendants' arguments that the claims should be dismissed); *see also Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09-cv-4622 CS, 2010 WL

4968247, at *7 (S.D.N.Y. Nov. 24, 2010) ("When a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone.").

Here, Plaintiff: (1) fails to allege sufficient facts to properly plead the existence of claims under Title VII, the Family and Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA"), the NLRA, and corresponding state statutes; and (2) fails to oppose Defendant's arguments to dismiss all claims against it. Accordingly, this Court should deem Plaintiff's claims against Defendant as abandoned and/or dismiss the claims outright for all the reasons asserted in Defendant's opening brief.

## II. THE ADDITIONAL FACTS ALLEGED BY PLAINTIFF CANNOT BE CONSIDERED ON A MOTION TO DISMISS.

Plaintiff appears to allege new facts in her opposition papers in an attempt to bolster the allegations in the Complaint. However, the Court cannot consider these facts, as they do not appear in the Complaint. *See Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 304 (S.D.N.Y. 2015) (declining to consider facts alleged for the first time in opposition papers, and stating that the court would only consider factual allegations made in the complaint).

## III. PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND THE COMPLAINT MUST BE DENIED.

Plaintiff's cross-motion for leave to amend the Complaint should be denied because Plaintiff was previously given the opportunity to amend her Complaint, but inexplicably failed to do so, and because Plaintiff failed to submit a copy of the proposed amended complaint with her motion papers. In the alternative, the proposed additional allegations are futile. Thus, for the reasons set forth below, Plaintiff's cross-motion for leave to amend the Complaint should be denied.

**A.      Plaintiff Was Given the Opportunity to Amend Her Complaint, But Failed to Do So.**

As set forth in Defendant's opening brief, on May 5, 2017, Defendant filed a letter, requesting a pre-motion conference regarding its anticipated motion to dismiss the Complaint [Dkt. No. 9].  On May 25, 2017, Plaintiff requested leave to amend the Complaint [Dkt No. 12]. Thereafter, on June 6, 2017, the parties appeared for a pre-motion conference before the Honorable Cathy Seibel.  At the pre-motion conference, Judge Seibel granted Plaintiff's request to amend her Complaint, advised her to seek the assistance of the Southern District of New York's *Pro Se* Legal clinic, and ordered her to file her Amended Complaint on or before June 27, 2017.

Despite Plaintiff's request for leave to amend her Complaint, Plaintiff ***never*** filed an Amended Complaint.  On July 14, 2017, Defendant requested that the Court dismiss Plaintiff's action or, in the alternative, set a briefing schedule so that Defendant could make a motion to dismiss the original Complaint [Dkt. No. 15].  On July 14, 2017, the Court ordered that Defendant could move to dismiss the original Complaint, and noted that Plaintiff failed to amend the original Complaint despite being given the opportunity to do so [Dkt. No. 16].

Now, Plaintiff, after reviewing Defendant's motion to dismiss the Complaint, seeks leave to amend her Complaint to add additional facts.  In support of this, Plaintiff cites *Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014), for the proposition that *pro se* litigants should freely be granted leave to amend.  However, in the instant case – unlike the factual scenario in *Nielson* – Plaintiff failed to previously take advantage of a prior opportunity to file an amended Complaint. Notably, in her opposition papers, Plaintiff, conveniently omits the fact that at the pre-motion conference on June 6, 2017, the Court gave her 21 days to amend her Complaint to correct the deficiencies outlined in Defendant's pre-motion letter, and was encouraged to seek the assistance

-4-

of the Southern District of New York's *Pro Se* Legal clinic, but she failed to do so.

As such, Plaintiff's motion for leave to amend should be denied, as Plaintiff did not take full advantage of the Court's previous opportunity to amend her Complaint. *See Dolce v. Suffolk Cty.*, No. 12-cv-0108, 2014 WL 655371, at *6 (E.D.N.Y. Feb. 20, 2014) (stating that amendment of the *pro se* complaint would be futile, and specifically noting that plaintiff already failed to amend complaint, even though she was previously granted leave to amend based on the court's outline of the deficiencies in her original complaint); *see also Jemmott v. New York City Transit Auth.*, No. 13-cv-2272, 2015 WL 5793343, at *1 (E.D.N.Y. Sept. 30, 2015) (noting that a district court does not need to grant leave to amend complaint to *pro se* plaintiff in situations "'where leave to amend has previously been given'").

> **B.** **Plaintiff's Failure to Submit a Proposed Amended Complaint Warrants Dismissal of Her Motion for Leave to Amend.**

In order to meet the requirements of particularity in a motion to amend, "a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought.'" *Zito v. Leasecomm Corp.*, No. 02-cv-8074, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (stating that the proposed amended complaint must be submitted with a motion for leave to amend the complaint, so that defendant is apprised of the contemplated changes to the complaint). Here, Plaintiff has not provided any type of proposed amended pleading, and accordingly, her motion should be denied.

> **C.** **Plaintiff's Proposed Amendments, As Set Forth in the Memorandum of Law, Would Be Futile.**

Courts properly deny leave to amend under Federal Rule of Civil Procedure 15(a) when the amendment would be futile. *See Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015). A motion to amend may be denied as futile, "if the proposed claim could not withstand a

Fed.R.Civ.P. 12(b)(6) motion to dismiss." *Madray v. Long Island Univ.*, 789 F. Supp. 2d 403, 407 (E.D.N.Y. 2011) (*citing Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Under the motion to dismiss standard, the proposed amendment must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

> 1.    *Plaintiff's Proposed Retaliation Claim Under the NLRA is Futile.*

As set forth in Defendant's opening brief, Plaintiff's NLRA claim is governed by a six month statute of limitations. *See Mallack v. NYP Holdings, Inc.*, 690 F. Supp. 276, 279–80 (S.D.N.Y. 1988). Here, Plaintiff's claim appears to be based on her allegations that she was retaliated against throughout 2014 – i.e. her gas tank was punctured – because she filed a complaint with the NLRA. Because Plaintiff does not allege that this alleged retaliation occurred in the six months prior to her filing her Complaint on November 23, 2016, her NLRA claim is time-barred and thus, would be futile.

> 2.    *Plaintiff's Proposed Race, Color, and Age Discrimination Claims Under Title VII and the ADEA are Futile.*

Though omitted from her original Complaint, it now appears that Plaintiff seeks to allege race, color, and age discrimination claims under Title VII. In an attempt to support her claim, Plaintiff states that she was the only white female driver for Defendant for an unspecified period of time. However, the fact that Plaintiff was the only white and female driver for a period of time is insufficient to state a claim under Title VII. Significantly, Plaintiff fails to allege facts sufficient to state a claim that she was subject to any adverse employment action and/or harassment occurred due to color, age, gender, or membership in any protected class and thus, her discrimination claims should be dismissed. *See Giovelli v. LA Fitness, Inc.*, No. 10-cv-298, 2010 WL 415289, at *2 (E.D.N.Y. Jan. 28, 2010) (plaintiff who alleged that he was mistreated and fired for complaining about his supervisor did not claim membership in a protected class and

thus, his discrimination claim was dismissed).   Further, Plaintiff fails to allege an age discrimination claim, as she does not allege that she is age 40 or older.  *See Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 310 (S.D.N.Y. 2015) (requiring plaintiff alleging age discrimination to state that plaintiff was within the protected age group).

Consequently, for the reasons set forth above, Plaintiff does not set forth factual allegations in her opposition papers which would make an amended pleading fare any better than her initial Complaint.  Plaintiff's cross-motion for leave to amend the Complaint in this respect should be denied as futile.

**CONCLUSION**

For all of the above reasons, Defendant respectfully requests that the Court grant its motion to dismiss the Complaint in its entirety with prejudice, and award such additional relief as the Court deems just, proper, and equitable.

Date:   September 28, 2017
        Melville, New York

Respectfully submitted,

/s/ Leslie M. DiBenedetto
Leslie M. DiBenedetto
Ivan R. Novich
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
ldibenedetto@littler.com
inovich@littler.com